```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

LEVI MCRAE LUGINBYHL            §
                                §
VS.                             §    CIVIL ACTION NO.4:07-CV-121-Y
                                §
                                §
SHANNON McMURRAY                §

## OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff/petitioner Levi McRae Luginbyhl's petition for writ of mandamus under the provisions of 28 U.S.C. § 1915(e)(2)(B). Luginbyhl was permitted to proceed in forma pauperis, with the filing fee to be collected from his inmate account under the terms of the Prison Litigation Reform Act ("PLRA").

An action filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[3] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

meritless legal theory."[4] After review and consideration of this suit, the Court concludes that it must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

By this action, Luginbyhl seeks a writ of mandamus. Luginbyhl does not provide any authority for his request, and although the all writs act, 28 U.S.C. § 1651, provides that a court "may issue all writs necessary or appropriate in aid of [its] respective jurisdiction," the act does not, by itself, provide an independent basis for jurisdiction. Instead, it may be invoked only in aid of jurisdiction already possessed by the Court on some other ground.[5] Although not referenced by Luginbyhl, 28 U.S.C. § 1361 affords this Court jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[6] Mandamus, however, is reserved for extraordinary circumstances.[7] A mandamus petitioner must demonstrate (1) a clear right to relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy.[8]

Even assuming 28 U.S.C. § 1361 may enable Luginbyhl to invoke this Court's jurisdiction, he has not recited facts that would demonstrate any of these elements in order to entitle him to relief.

---

[4] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[5] *See Brittingham v. U.S.C.I.R.,* 451 F.2d 315, 317 (5th Cir. 1971).

[6] 28 U.S.C.A. § 1361 (West 1993).

[7] *See Kerr v. United States Dist. Ct.,* 426 U.S. 394, 403 (1976).

[8] *See In re Stone,* 118 F.3d 1032, 1034 (5th Cir. 1997)(citations omitted).

2

Thus, the petition for writ of mandamus must be dismissed.[9]

Therefore, Levi McRae Luginbyl's petition for writ of mandamus is DISMISSED WITH PREJUDICE to refiling in-forma-pauperis under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED March 26, 2007.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[9] As the underlying petition is dismissed, the subsequently filed motions and requests for relief are moot.